Marvin v. Bushnell.

# SUPREME COURT OF ERRORS.

## COUNTIES OF NEW HAVEN AND MIDDLESEX.

FEBRUARY TERM, 1870.

Present,

HINMAN, C. J., BUTLER, PARK, AND CARPENTER, JS.*

JOHN W. MARVIN AND ANOTHER, *vs*. RICHARD BUSHNELL.

Where a conveyance of property was made by an insolvent within sixty days before his going into insolvency, but was made in pursuance of an agreement entered into several months before and upon a consideration then received and for a purpose then intended, it was held that the conveyance should be treated as if made at the time of the agreement, and that therefore it was not affected by the insolvent proceedings.

But where a trustee in insolvency held certain property which the debtor had equitably assigned to a surety who was insolvent, but the surety had not paid the debt for which he was holden, and it was neither alleged nor found that certain security already held by him was not adequate, the court refused to decree the property to him.

BILL IN EQUITY by the petitioners as trustees in insolvency of one Eli Denison, against the respondent who had received from the insolvent a conveyance of an interest in a vessel and an assignment of a claim against the United States government as security for certain liabilities for the insolvent,

*CHIEF JUSTICE HINMAN was taken ill at the close of the first day of the court, and went home, where after an illness of about two weeks he died. He sat on only the first two cases, but took part in no decisions. An adjourned term of the court was holden in June, at which most of the cases of the term were heard and a part of those already heard were re-argued by order of the court. The cases so re-argued are reported with the cases of the adjourned term.

the conveyance and assignment being claimed to be void under the insolvent law. The petitioners had received the money due from the United States and the respondent by a cross-bill sought to compel them to pay it over to him. The case was brought to the Superior Court in Middlesex county, and was reserved on a finding of facts for the advice of this court. The facts are sufficiently stated in the opinion.

*Halsey* and *Willcox*, for the petitioners.

*Chadwick* and *C. E. Perkins*, for the respondent.

BUTLER, J. Neither of the parties to this proceeding have a controlling equity which entitles them to relief.

The facts set up in the bill and cross-bill and found by the committee, are voluminous. All that are material to a disposition of the case are as follows:

One Denison, in 1866, owned an interest in two vessels, viz: one-twentieth of the brig *Woodlawn* and one-eighth of the schooner *Alice Dill.* Denison mortgaged his interest in these two vessels to one Wooster, to secure him for his endorsement on two notes of Denison, amounting to the sum of twenty-five hundred dollars, held by the Saybrook National Bank. Before the notes matured Wooster died, and Denison, wishing to renew the notes, applied to the respondent Richard Bushnell to endorse the renewals, agreeing to give him the same security on the vessels which had been held by Wooster. Richard consented, and, as he was general agent of S. Bushnell & Co., endorsed the notes in their name. The notes so given were afterwards renewed with a like endorsement. Before the last set of notes fell due S. Bushnell & Co. discharged their agent Richard, denied the validity of the endorsements in their name, and refused to endorse any further renewals. Denison then proposed to the bank to renew the notes with the individual endorsement of Richard, and the bank at first consented. Notes were drawn and endorsed by Richard for that purpose, and the interest of Denison in the vessels was thereupon conveyed to Richard, pursuant to

the original agreement, as security. One of these vessels was lost at the time, but Denison afterwards gave to Richard an order on an agent who was prosecuting a claim on the government for the value of the lost vessel, for his share of what should be recovered. The order was presented to the agent, but was not accepted. When the notes so endorsed by Richard were presented to the bank it declined to accept them as renewals, but received them as collateral for the notes endorsed by Richard in the name of S. Bushnell & Co. Within sixty days after the execution of the notes by Denison and Richard, and the transfer of the vessels to Richard as aforesaid, Denison became insolvent and assigned his property, including his interest in the vessels named, to the petitioners, Marvin and Redfield, in trust for his creditors. They collected of the agent, and now hold, the sum of about $1,600.00, being Denison's share of monies recovered from the government, by the agent, for the loss of the *Alice Dill.* The bank proceeded against S. Bushnell & Co. on the endorsements made in their name by Richard, and they were compelled to pay the notes, and were subrogated, by a transfer from the bank, to the notes of Denison with Richard's endorsement, which the bank received as collateral. Richard recognizes the right of S. Bushnell & Co. to the benefit of the security he holds as an indorser as aforesaid, and, being insolvent, S. Bushnell & Co. defend this proceeding in his name, in order to avail themselves of the security holden by him.

On this state of facts the petitioners, Marvin and Redfield, seek to obtain by their petition the title to Denison's interest in the *Woodlawn,* held by Richard as security for his liability to S. Bushnell & Co. on his indorsement, and Richard seeks to obtain, by his cross-bill, the avails of the *Alice Dill,* or so much of them as may be necessary for his security, from the petitioners.

We are of opinion, first, that Richard is entitled to retain the interest he holds in the *Woodlawn,* to meet his liability over on his endorsements to S. Bushnell & Co., who are bona fidê holders of the notes and have a right to enforce them against him. Second, that he would be entitled to recover

of the petitioners the avails of the *Alice Dill*, if it appeared that his interest in the *Woodlawn* was not sufficient to meet his liability on his endorsements, or so much of the avails as would be necessary for that purpose. The transfers from Denison to Richard were made within sixty days prior to the insolvency of Denison, but it is not found that they were not made in good faith, or that they were made with a view to insolvency, and it is found that they were made pursuant to an agreement entered into many months before and upon a consideration then received and for a purpose then intended. We think the transfers should be treated as if made at the time of the agreement and when the consideration was received. So considered their validity can not be doubted.

This view of the case disposes of the right of the petitioners to relief, and would entitle Richard to relief if it clearly appeared that relief was necessary for his indemnity. But it is not alleged in the cross-bill, nor found by the committee, nor conceded by the petitioners, that the interest in the *Woodlawn* which he holds is not fully adequate to meet his liability to S. Bushnell & Co. And as the petitioners would be entitled to the surplus of the securities, if there should be any, as trustees for the other creditors of Denison, and it is desirable that his estate should be closed up, it would not be consistent with the principles of equity to decree the avails of the *Alice Dill* into the hands of Richard, an insolvent, to hold as security, or any part of it, for the purpose of indemnifying him for a liability which he has not met, and for which it is neither alleged nor found that he has not adequate security.

For these reasons both bill and cross-bill must be dismissed.

In this opinion the other judges concurred.